# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RHONDA R. ROWSEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-06-275-SPS |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Rhonda R. Rowsey requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and the case is REMANDED for further proceedings by the ALJ.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work in the national economy. . . ." *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless,

---

[1] Step one requires the claimant to establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to a listed impairment), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show she does not retain the residual functional capacity (RFC) to perform her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work she can perform existing in significant numbers in the national economy, taking into account the claimant's age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

the Court must review the record as a whole, and "[t]he substantiality of [the] evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on August 3, 1964, and was forty-one (41) years old at the time of the administrative hearing. She graduated from high school and has a bachelor's degree in elementary education. The claimant has worked in the past as a school teacher and snack bar attendant/fast food clerk. She alleges she has been unable to work since January 1, 2004, due to depression.

## Procedural History

On January 21, 2004, the claimant protectively filed an application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401- 434, and an application for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. The applications were denied. After a hearing on August 9, 2005, ALJ Lantz McClain found that the claimant was not disabled in a decision dated February 17, 2006. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had a severe mental impairment due to her depression and that she had the residual functional capacity ("RFC") to "perform simple, repetitive, non-public contact work at all exertional levels." (Tr. 18). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work in significant numbers in the regional and national economies she could perform, *e. g.*, cleaner/housekeeper, food production inspector, and meat dresser (Tr. 24-25).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly evaluate the medical evidence; (ii) by finding she had the RFC to perform substantial gainful activity; and, (iii) by improperly analyzing her credibility. The Court finds the claimant's final contention dispositive.[2]

The record reveals that the ALJ had a severe mental impairment of depression (Tr. 17). At the administrative hearing, the claimant testified that she stopped working in January 2004 because of her "mental illness." (Tr. 369). She had been hospitalized in the past for

---

[2] The claimant argues in her first contention that the ALJ should have given controlling weight to the opinions expressed by her therapist. But she was not an "acceptable medical source" under the applicable regulations. *See* 20 C.F.R. §§ 404.1513(a), 404.913(a). Because she was instead an "other source," the ALJ was free to determine what weight to give her opinions and therefore did not err in choosing to give them "little weight." *See Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000) (noting that opinions from "other sources" are not entitled to the same weight as that of other physicians). *See also* Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *4 (noting that medical source statements must be submitted by acceptable medical sources).

her addiction to prescription medication, and she currently received treatment for her mental health issues from the Mental Health Services of Southern Oklahoma, where she saw a counselor on a regular basis and a psychiatrist (Tr. 370-71). According to the claimant, she had been diagnosed with bipolar disorder and was taking four types of medication prescribed by her treating psychiatrist for her mental impairments (Tr. 375). Her medication made her feel lethargic (Tr. 376-77). She was on an extreme high for a couple of weeks and then would hit an extreme low (Tr. 377). She sometimes heard voices and music when on an extreme low (Tr. 378-79).

In his written decision, the ALJ summarized the claimant's testimony and specifically mentioned that the claimant: (i) continued to work until January 2004 despite several drug addiction treatments prior thereto; (ii) mentioned unhappiness with her work as a teacher but felt "stuck" in the job because of the need to retrain to enter another career; (iii) focused more on being labeled "bipolar" than on treating her substance abuse issues; and, (iv) exaggerated her symptoms during testing with the consulting psychologist Dr. R. Keith Green, Ph.D. The ALJ concluded that the claimant's "allegations of adverse symptomatology [were] . . . not believable to the extent alleged." (Tr. 23).

Deference must be given to an ALJ's credibility determination unless the ALJ misread the medical evidence taken as a whole. *Casias,* 933 F.2d at 801. An ALJ may disregard a claimant's subjective complaints of pain if unsupported by any clinical findings. *Frey v. Bowen,* 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and

affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. The analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4.

The claimant contends that the ALJ's credibility analysis was deficient because he did not evaluate her allegations of pain and failed to sufficiently cite to the medical evidence when finding her testimony not fully credible. With regard to pain, however, the ALJ was not required to engage in such an analysis because the claimant made no allegations of disabling pain and had no physical impairments. The claimant's own attorney specifically asked the ALJ to disregard an assessment of the claimant's physical abilities because she only suffered from a mental impairment (Tr. 384).

Nevertheless, the ALJ's analysis of the claimant's credibility in this case fell below the standards mentioned above. Although the ALJ correctly noted that Dr. Green found the claimant exaggerated her symptoms during her examination with him, the ALJ's other reasons for finding the claimant's testimony not fully credible were not supported by the record. For example, the ALJ's implied finding that the claimant's unhappiness with her job was the reason she stopped working was inconsistent with the medical evidence. The claimant *did* make statements that she was unhappy in her job as a teacher when receiving voluntary treatment for her depression and prescription medication addictions, but it was also

noted in the report that the claimant had "a good work history" (Tr. 248). Further, although it was noted in her assessment from 12&12 that she appeared "more focused on being labeled bi-polar than addressing substance abuse" (Tr. 283), another portion of the assessment indicated that the claimant "wanted to get off Lortabs for good." (Tr. 282). Under the treatment recommendations, it was suggested that the claimant be evaluated for bipolar disorder (Tr. 283). The ALJ did not, however, mention any of these additional findings in assessing the claimant's credibility; he simply cited the findings he deemed critical of the claimant. *See Hardman*, 362 F.3d at 681 (noting that ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("[The] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper."). *See also Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Further, although the ALJ mentioned that the claimant's side effects from her medication, *i. e.*, that she felt lethargic, he made no indication in his decision whether he found her testimony was credible. *See Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000) (noting that an ALJ must consider such factors as "'claimant's . . .

dosage, effectiveness, and side effects of medication.'"), *quoting Luna v. Bowen*, 834 F.2d 161, 165-66 (10th Cir. 1987).

The ALJ also found the claimant was not credible because of her "inconsistent and contradictory statements, the reports of the treating and examining practitioners, the medical history, the findings made on examination, . . . [her] demeanor at the hearing and the marked discrepancies between her allegations and the information contained in the documentary reports." (Tr. 23). However, the ALJ failed to "closely and affirmatively" link these conclusions to the evidence when finding the claimant's testimony not fully credible. *Kepler*, 68 F.3d at 391 (Credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."). *See also Hardman*, 362 F.3d at 679 ("[B]oilerplate language fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible."), *citing Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001).

Because the ALJ failed to discuss probative evidence and "closely and affirmatively" link his conclusions to the evidence in accordance with *Kepler* and *Hardman*, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis of the claimant's credibility so the Court can assess "whether relevant evidence adequately supports the ALJ's conclusion." *Clifton*, 79 F.3d at 1009. On remand, if the ALJ finds further functional limitations, he should include them in the claimant's RFC and redetermine what work, if any, the claimant can perform and ultimately whether she is disabled.

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 28th day of September, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**